IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| **MAREIO ANTONIO BELL,** | : | |
| Plaintiff | : | |
| VS. | : | NO. 1:14-CV-0092-WLS-TQL |
| **WARDEN CARTER, et. al.** | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendants | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

### ORDER

Plaintiff **MAREIO ANTONIO BELL**, an inmate currently confined at Autry State Prison in Pelham, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. After a preliminary review of the Recast Complaint (Doc. 9), the Court finds that Plaintiff's allegations fail to state a claim for relief under § 1983. The complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The Court's filing fee, however, is not refundable. Plaintiff is still obligated to pay the entire $350.00 filing fee using the payment-plan described 28 U.S.C. § 1915(b) and ordered herein. The Clerk of Court is thus **DIRECTED** to send a copy of this Order to the warden or business manager of Autry State Prison.

### STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the

1

court.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim.  See Twombly, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises out of Plaintiff's confinement at Autry State Prison.  In his Recast Complaint, Plaintiff generally alleges that officials at Autry State Prison - Defendants Warden Carter and Deputy Wardens Jefferson and Nobles – have failed to take appropriate corrective actions in response to high rates of assault at the prison and have thereby subjected the general

2

population to a "constant threat of violence." Though Plaintiff has apparently not been victim of any assault (or attempted assault) and does not allege the existence of a present, specific threat of physical injury, Plaintiff claims that Defendants should be required to compensate him for the "personal humiliation" and "mental anguish" that he suffers in prison.

Plaintiff alleges that, because he is not a member of any organized inmate group, the prison environment requires that he accept and not respond to the disrespectful actions of other inmates – such as when they turn the channel while he is watching a television show or when another inmate steals his property. Plaintiff claims that if he responds how he would like (or in the manner that is natural for him – because of his "anger problem"), gang members will be alarmed and he will be at risk of serious injury. According to Plaintiff, the only option for avoiding these confrontations is for him to either join a gang or request housing in isolation, which is equivalent to a punitive confinement. Plaintiff has apparently chosen not to request protective custody, however; Plaintiff would rather "face the risk of being in danger" than suffer the restrictions imposed in isolation.

Even if liberally construed, these allegations do not state a claim for damages under § 1983. As Plaintiff was previously advised, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, if "a prisoner has not suffered some physical injury . . . , and . . . therefore cannot show anything more than mental or emotional suffering, [he] is foreclosed from obtaining compensatory or punitive damages even if there has been some violation of his constitutional rights." Jones v. Ross, 2010 WL 2521436 at *2 (S.D. Fla. April 26, 2010).

In this case, there is no allegation of a physical injury. Plaintiff only alleges that the

3

behavior of other inmates, the "disrespect" he is shown in prison, and the lack of options for other housing has caused him great emotional distress and mental anguish.  There is, however, no federal constitutional right to be free from emotional distress or mental anguish.  See Martin v. Byars, No. 4:12–cv–02100, 2014 WL 298682, at* 9 n.3 (D.S.C. Jan. 28, 2014) (citing Grandstaff v. City of Borger, 767 F.2d 161, 172 (5th Cir. 1985)).  See also, Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989) (prisoner "must allege more than that he has been subjected to "verbal taunts.... [h]owever distressing" in order to make a claim . . . .").

To the extent that Plaintiff seeks only declaratory or injunctive relief, Plaintiff's allegations still fail to state § 1983 claim.  See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) ("a bare, conclusory allegation . . . is insufficient, without more, to warrant further . . . consideration"). To state a claim for a violation of the Eighth Amendment, a prisoner must allege facts demonstrating both (1) that there is a substantial risk of serious harm and (2) that the defendant has been deliberately indifferent to that risk. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir.1995).  Plaintiff has alleged neither.

Plaintiff makes only conclusory and speculative assertions that his safety is threatened. Plaintiff has not been personally assaulted or threatened with an assault by another prisoner.  Nor has he identified any specific inmate (or group of inmates) posing a serious risk to his safety. "[S]peculative and generalized fears of harm at the hands of other prisoners," such as those alleged by Plaintiff, do not show the existence of a "substantial risk of serious harm" as is required to state an Eighth Amendment claim.  Williams v. Wood, 223 F. App'x 670 (9th Cir. 2007); Twombly, 550 U.S. at 555 (plaintiff must allege sufficient facts "to raise a right to relief above the speculative level").  "The possibility of harm" is, of course, "not equivalent to a substantial risk of harm."

4

Marrero v. Rose, 1:10–cv–00509, 2013 WL 2991295, at *6 (E.D. Cal. June 14, 2013) (finding that prisoner's general fear of injury from weapons crafted by other inmates did not establish a substantial risk of serious harm).

Even if there does exist some general threat of violence at ASP, a prison official's failure to protect an inmate from a threat of violence also does not rise to the level of "deliberate indifference," until or unless the known risk of injury is "a strong likelihood, rather than a mere possibility." See Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). Thus, "[w]ith respect to a potential assault by another inmate, . . . there must be much more than mere awareness of [that inmate's] generally problematic nature; prison-official defendants must be aware of a particularized threat or fear felt by [the plaintiff]." Jinks v. Medlin, No. CV 313–068, 2014 WL 1224595 at *5 (S.D.Ga. March 24, 2014) ("Plaintiff's allegation of being housed in a unit with . . . gang members . . . does not amount to the 'substantial risk of serious harm' required to state a claim under the Eighth Amendment.") (quoting Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003)). See also Chatham v. Adcock, 334 F. App'x 281, 293 (11th Cir. 2009) ( per curiam ) (mere awareness that cellmate was belligerent toward white inmates, was verbally abusive, and had "violent tendencies" was not enough to satisfy subjective awareness requirement).

Although, here, the Magistrate Judge allowed Plaintiff the opportunity to recast his Complaint and provide more specific allegations against Defendants, Plaintiff's Recast Complaint again concludes – without any supporting allegations – that Defendants have not fulfilled their "role of authority" to keep the prison free of weapons, gangs, and violence. The Recast Complaint does not describe any specific conduct or action by Defendants that is "sure or very likely to cause" Plaintiff serious injury at the hands of other inmates. See Jones v. St. Lawrence,

5

No. CV408–095, 2008 WL 5142396, at *5 (S.D.Ga. Dec.5, 2008) (citing Benefield v. McDowall, 241 F.3d 1267, 1272 (10th Cir.2001) (quoting Helling v. McKinney, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1992)). Nor does Plaintiff allege facts showing that Defendants are personally aware of a substantial risk of a serious harm resulting from Plaintiff's confinement in general population. See Bugge v. Roberts, 430 F. App'x 753, 759 (11th Cir. 2011) ("imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference").

The Court therefore finds that Plaintiff's Recast Complaint fails to state a claim upon which relief may be granted. His Complaint is accordingly **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

As Plaintiff was previously warned, however, the dismissal of this complaint does not relieve Plaintiff of his obligation to pay the Court's filing fee; he is still obligated to eventually pay the full $350.00 filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). For this reason, it is **ORDERED** that Plaintiff be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Plaintiff is **DIRECTED** forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of this lawsuit and the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia (or county thereof), he remains obligated to pay any balance due on the filing fee until it has been paid in full. If Plaintiff is released from custody and fails to remit payments,

collection of any balance due is authorized by any means permitted by law.

**SO ORDERED**, this   13th   day of August, 2014.


       /s/ W. Louis Sands               
W. LOUIS SANDS, Judge
UNITED STATES DISTRICT COURT